IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SMITH & NEPHEW, INC. and<br>JOHN O. HAYHURST, M.D.,<br><br>        Plaintiffs,<br><br>   v.<br><br>ARTHREX, INC.,<br><br>        Defendant. | No. CV 08-714-MO<br><br>OPINION AND ORDER |

**MOSMAN, J.,**

      Plaintiffs move to strike defendant's affirmative defenses relating to inequitable conduct and invalidity and dismiss its related counterclaims. (Pls.' Mot. to Strike (#37) 2.) Their core contention is one of issue preclusion (which, in the linguistic abundance of the law, is also known as collateral estoppel and may be referred to as *res judicata*). Plaintiffs contend these claims of inequitable conduct and invalidity have been resolved in the prior action between these parties in this court, *Smith & Nephew, Inc. v. Arthrex, Inc.* (D. Or.) CV No. 04-00029-MO (hereafter the "prior case"). Plaintiffs argue these issues were fully and fairly litigated in the prior case, defendant lost those arguments, and this action involves the same parties. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (quoting *IRS v. Palmer* (*In re Palmer*), 207 F.3d 566, 568 (9th Cir. 2000)).

PAGE 1 - OPINION AND ORDER

Defendant's response accepts the core of plaintiffs' legal position, but contends an important predicate is missing: plaintiffs' position depends on defendant advancing the same basic invalidity arguments actually litigated in the prior case, which defendant does not do. (Def.'s Resp. to Mot. to Strike (#48) 6-8.) Defendant contends issue preclusion should apply, at most, to preclude the specific invalidity arguments actually litigated in the prior case, but permit litigation of new invalidity arguments not previously presented.

Plaintiffs contend issue preclusion is limited, not by the scope of the argument advanced to prevail on an issue, but by the scope of the issue. In other words, the *issue* of invalidity is precluded, irrespective of the precise contours of the arguments advanced in support of invalidity in the prior case. (Pls.' Reply to Mot. to Strike (#52) 4.) Defendant disagrees, at least when the earlier action involves a finding of validity instead of invalidity. While invalidity may seldom be subject to relitigation, a finding of validity is, or ought to be, more specific to the precise arguments and facts advanced in a particular case. In this manner, they distinguish *Blonder-Tongue Lab, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971), and its progeny.

I believe defendant has the better argument on the narrow issue involved. It seems likely that a subsequent case following a finding of invalidity will almost always involve litigation of the same basic facts and arguments that led to a finding of invalidity in the first instance. On the other hand, a finding of validity in an initial action should not have the same preclusive effect against new and different arguments for invalidity, never previously advanced. To do so would allow potentially invalid patents to stand on the strength of prior rulings not related to present challenges.

I therefore DENY plaintiffs' Motion to Strike and Dismiss (#37) to the extent that it seeks to preclude or dismiss invalidity arguments not previously advanced. I GRANT the motion to the extent it seeks to preclude relitigation of invalidity arguments that have been previously advanced.

Defendant advances no credible argument for moving forward with their inequitable conduct defense in its current iteration. It apparently does not involve new allegations of inequitable conduct. I therefore GRANT the Motion to Strike (#37) as to this affirmative defense. Defendant suggests that it may in fact have evidence of inequitable conduct never previously advanced, and that it may seek leave to amend its answer and counterclaim to include such. That is not the subject of this motion, and must await another day for any ruling by this court. *See Matthew 6:34*.

Plaintiffs have also moved to dismiss related counterclaims. To the degree that I have stricken affirmative defenses above, I also GRANT plaintiffs' Motion to Dismiss Related Counterclaims (#37).

As is clear from this ruling, I have reconsidered the earlier denial of defendant's Motion for Leave to File Surreply (#54). That motion is GRANTED.

IT IS SO ORDERED.

DATED this  30th  day of January, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge