IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SMITH & NEPHEW INC. and**
**JOHN O. HAYHURST, M.D.,**                                  No. 3:08-CV-000714-MO
       Plaintiffs,

                                                              ORDER

      v.

**ARTHREX, INC.,**

       Defendant.

**MOSMAN, J.**,

      At the February 3, 2017, Pre-Trial Conference, I ruled on several of the parties' Motions in *Limine* [429, 411] and on Plaintiffs' *Daubert* Motions [426] but took most of the motions under advisement. This order rules on the Motions in *Limine* and *Daubert* Motions I took under advisement. So the parties have one document containing all my rulings on these motions, I repeat my rulings from the Pre-Trial conference. This order also addresses Defendant's objections to Plaintiffs' Witness Narratives [441] as well as Defendant's Objections to the Second Rebuttal Expert Report of Dr. Wilson C. Hayes, PH.D. [472] and Defendant's Objections to Plaintiffs' Supplemental Trial Exhibit List [471].

      **I.**      **Plaintiffs' Motions in *Limine***

      I GRANT in part, DENY in Part, and reserve ruling on Plaintiffs' Motions in *Limine* as follows:

58.      GRANT.

59.      Remains under advisement. I reserve my ruling on this issue for trial.

60.      GRANT.

61.      GRANT, as to both parties.

62.      GRANT.

1 –ORDER

63. GRANT.

64. GRANT.

65. Addressed in the ruling on Plaintiffs' *Daubert* Motion # 15.

66. GRANT; the gap is only relevant to the potential for misalignment in testing for lodging by resistance.

67. GRANT.

68. GRANT.

69. GRANT.

70. GRANT.

71. GRANT.

72. GRANT.

73. GRANT.

74. GRANT, except as to Arthrex's subjective belief regarding willfulness.

74. GRANT.

75. GRANT.

76. GRANT.

77. DENY; Arthrex cannot challenge the *Mor-Flo* analysis as an acceptable method, but it can challenge its application in this case by Mr. Bakewell.

78. GRANT.

79. GRANT.

80. Remains under advisement. I reserve my ruling on this motion for trial.

81. GRANT.

82. GRANT.

83. Remains under advisement. I reserve my ruling on this motion for trial.

2 –ORDER

84. GRANT.

85. GRANT.

86. GRANT.

87. GRANT; fact witnesses may not offer legal opinions.

88. GRANT.

89. GRANT.

90. GRANT.

91. Remains under advisement. I reserve my ruling on this motion for trial.

92. GRANT.

93. GRANT in part: testimony about intent to design a non-infringing anchor is excluded if it applies to anchors at issue in the prior litigation. Testimony about intent to design a non-infringing anchor is allowed if it only applies to anchors in this case, and then only as to willfulness.

94. GRANT.

95. GRANT.

96. GRANT.

97. GRANT.

98. GRANT.

99. GRANT.

100. GRANT; the exhibit marked DX-1056 is excluded from this trial.

101. GRANT.

102. GRANT.

///

///

    II.    **Plaintiffs'** *Daubert* **Motions**

3 –ORDER

Many of the motions included here are not *Daubert* motions. In ruling on them, I do not distinguish between granting or denying the motions for procedural reasons, such as waiver, versus *Daubert* reasons. I GRANT in part, DENY in Part, and reserve ruling on Plaintiffs' *Daubert* Motions as follows:

14. GRANT.

15. GRANT.

16. GRANT.

17. GRANT.

18. DENY.

19. GRANT.

20. GRANT in part; DENY as to the disputed anchors in this case.

21. Remains under advisement. I reserve my ruling on this motion for trial.

22. Remains under advisement. I reserve my ruling on this motion for trial.

23. GRANT.

24. GRANT.

25. GRANT.

26. DENY.

27. DENY.

28. DENY.

29. GRANT.

30. GRANT.

///

### III.    Defendant's Motions in *Limine*

I GRANT in part, DENY in Part, and reserve ruling on Defendant's Motions in *Limine* as follows:

1. GRANT.

2. GRANT in part; Force-to-lodge tests on knotted anchors are excluded.

3. GRANT.

4. Remains under advisement. The vacated or expired injunctions and the Court's rulings for such are not generally relevant except as to willfulness. I reserve my ruling on this motion for trial.

5. GRANT.

6. Grant in part; product-to-product comparisons are allowed only with respect to willfulness.

7. GRANT.

8. GRANT.

9. GRANT.

10. GRANT.

11. GRANT.

12. GRANT; experts' testimony offering or interpreting legal opinions is excluded.

13. GRANT; Mr. Bakewell's undisclosed opinions and/or criticisms are excluded.

14. DENY.

15. GRANT in Part; References to the colorably different test used at summary judgment is excluded for proof of infringement but not for proof of willfulness.

16. GRANT in Part; tests performed in the prior case are excluded with the exception of the force-necessary-to-lodge tests Plaintiffs' expert used in the prior litigation.

17. GRANT.

18. GRANT.

19. GRANT.

20. GRANT.

21.     The Court will resolve this issue at trial. This evidence will be allowed only if Plaintiffs make a prima facie case regarding Arthrex receiving the internal Kensey Nash communications.

22.     Remains under advisement; the only possible relevance of Arthrex's failure to get an opinion of counsel is to willfulness. I reserve my ruling on this motion for trial.

23.     GRANT in part; Plaintiffs may not use rebuttal evidence in their case-in-chief. But prior trial and/or deposition testimony, if otherwise admissible, may be used in Plaintiffs' case-in-chief.

24.     GRANT; as to amount of payment, but not fact of payment.

25.     Remains under advisement. I reserve my ruling on this motion for trial.

## IV.     Defendant's Objections to Testimony in Plaintiffs' Lay Witness Statements.

Defendant objects to the testimony of several of Plaintiffs' lay witnesses on the grounds Plaintiffs failed to provide any substance with respect to these witnesses testimony, and have thus failed to meet their obligations under the Court's Trial Management Order. As Defendant correctly notes, the Trial Management Order requires the parties to provide a "statement setting forth the complete substance, not just the subject" of witnesses' testimony. (Trial Management Order, dkt. no. 352, p. 5).

Defendant objects to the lay witness testimony of Dr. Hayes (page no. 2-3, 52[1]) on the grounds Plaintiffs' general statement that Dr. Hayes will testify to those issues he has already testified to in his previous depositions or at trial violates the Trial Management Order by failing to sufficiently describe the complete substance of Dr. Hayes's lay witness testimony. I agree and sustain Defendant's objection to Dr. Hayes's testimony. Dr. Hayes is precluded from offering any lay witness testimony.

Defendant objects to the lay witness testimony of Peter Dreyfuss (page no. 15-17), Bill Benavitz (page no. 20-23), Ashley Willobee (page no. 26-27), John Schmieding (page no. 29-31), Courtney Smith (page no. 37-38), Gregory Joshua Karnes (page no. 39-40), Kevin Grieff (page no. 41), Todd DeWitt (page no. 45), Joseph DeMeo (page no. 48-49). Defendant asserts that by simply listing the Rule 30(b)(6) topics on which each of these witnesses was designated Plaintiffs have not provided the

---

[1] Dr. Hayes's proposed testimony about testing and analysis done by the experts on both sides after rebuttal reports that was not disclosed in his expert report is also excluded under my ruling on Defendant's Motion in *Limine* no. 7.

complete substance of the testimony of these witnesses and have not adequately supported the testimony of these witnesses on any of these general subjects. I sustain Defendant's objections to the testimony of these witnesses on this basis. This ruling applies only to Defendant's objections to the testimony of these witnesses with respect to the listing of 30(b)(6) topics as a description of their testimony. It does not apply to bar testimony by these witnesses based on their additional narratives, if any.[2]

## V.  Defendant's Objections to the Second Rebuttal Expert Report of Dr. Hayes

Defendant objects to the Second Rebuttal Expert Report of Dr. Wilson C. Hayes, Ph.D. on the grounds that it is untimely under the Federal Rules of Civil Procedure as well as this Court's Trial Management Order and that allowing the untimely supplemental report prejudices Defendant and its ability to prepare for trial.

The expert discovery period ended on December 2, 2016 and the deadline to produce lay witness testimony and any expert reports under the Federal Rules of Civil Procedure if not previously disclosed under Rule 26 was December 23, 2016. Dr. Hayes did not provide a supplemental report during the expert discovery period. Nor did Plaintiffs produce any supplemental expert reports on December 23, 2016. Plaintiffs only mention of additional new testimony by Dr. Hayes was a general statement in their lay witness narratives that Dr. Hayes "may also testify about testing and analysis done by experts on both sides after their rebuttal reports." (Plaintiffs' Witness Narratives, p. 42, dkt. no. 384).

Plaintiffs' general statement about Dr. Hayes's possible additional testimony does not put Defendant on notice about the substance of Dr. Hayes's possible additional testimony and is certainly not sufficient to alleviate the prejudice Defendant suffers from a late disclosed expert report. I find Dr. Hayes's Second Rebuttal Expert Report is untimely and prejudicial to Defendant. I sustain Defendant's objections and strike Dr. Hayes's Second Rebuttal Expert Report from the record.

---

[2] For example, after the list of Rule 30(b)(6) topics for which Peter Dreyfuss was designated to testify, Plaintiffs provide an additional narrative of Mr. Dreyfuss's testimony on pages 17 to 20 of their witness narratives. Mr. Dreyfuss's testimony listed in this additional narrative is not barred.

7 –ORDER

**VI.     Defendant's Objections to Plaintiffs' Supplemental Trial Exhibit List**

Defendant objects to Plaintiffs' Supplemental Trial Exhibit List on the basis that this filing is untimely. The deadline for Plaintiffs to file their trial exhibit list and rebuttal exhibit list were December 23, 2016, and January 10, 2017, respectively. (Trial Management Order, pp. 1,2 (dkt. no. 352) and Minute Order Granting Extension of Time (dkt. no. 355). Plaintiffs filed their Supplemental Trial Exhibit List adding PTX 742-750 on January 17, 2017. A review of the Supplemental Trial Exhibits reveals that all of these exhibits relate to Dr. Hayes's Second Rebuttal Expert Report filed on January 17, 2017. I find Plaintiffs' Supplemental Trial Exhibit List untimely and prejudicial. I sustain Defendant's objection, and strike Plaintiffs' Supplemental Trial Exhibits from the record.

**VII.    Conclusion.**

Plaintiffs' Motions in *Limine* [429] and *Daubert* [426] Motions and Defendant's Motions in *Limine* [411] are GRANTED in part and DENIED in part as stated above. I sustain Defendant's Objections to Plaintiffs' Lay Witness Narratives as stated above. I sustain Defendant's objections to Plaintiffs' Supplemental Trial Exhibit List and Second Rebuttal Expert Report of Dr. Wilson C. Hayes, Ph.D.. The Clerk of the Court is directed to strike Plaintiffs' Supplemental Trial Exhibit List [450] and Second Rebuttal Expert Report of Dr. Wilson C. Hayes, Ph.D. [458] from the record.

In light of the rulings herein, the parties are ORDERED to review their witness lists and exhibits to determine which are no longer necessary and to submit amended lists to the Court by 5p.m. Wednesday, February 8, 2017. The parties are ORDERED to appear at 8:30a.m. on Monday, February 13, 2017 to discuss final-pretrial matters before beginning trial at 9:00a.m. that day.

DATED this  6   day of February, 2017.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge